UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TRENIECE LEMON-PITTMAN                                    CIVIL ACTION


VERSUS                                                                  NO: 13–6424


COMMONWEALTH LAND TITLE INS. CO.              SECTION: "H"(2)


## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 4).  For the following reasons, the Motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.


## BACKGROUND

This case arises out of Plaintiff's recent purchase of a home in New Orleans. Shortly after Plaintiff purchased the property, Hurricane Isaac damaged Plaintiff's home. Plaintiff applied for a Small Business Administration ("SBA") disaster assistance loan in order to repair her property.  Her application was denied because a "Notice of Disqualification for Future Federal Disaster Assistance"

1

("Notice") had been issued for her property.  Apparently, the Notice was not discovered prior to her purchase of the home even though it was filed in the public records.

Plaintiff filed suit in state court against three defendants, asserting various claims related to the Notice.  As relevant to this case, she alleged that Defendant, Commonwealth Land Title Insurance Company, issued a title insurance policy but had wrongly denied her claim for benefits based on the Notice.  Defendant removed the action to this Court on the basis of diversity and alleging that two defendants were fraudulently joined.  Plaintiff responded by voluntarily dismissing the two non-diverse defendants, leaving Commonwealth as the only remaining defendant.  Shortly after the removal, Defendant filed a Motion to Dismiss Plaintiff's claim.

## LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a civil action for "failure to state a claim upon which relief can be granted."  To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 s. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is plausible on its face when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. At 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The Court need not,

2

however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. At 1949-50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Iqbal*, 129 S. Ct. At 678 (quoting *Twombly*, 550 S. Ct. At 1955). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand,* 565 F.3d at 255-57. The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, PLC* 594 F.3d 383, 387 (5th Cir. 2010)(citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).


**LAW AND ANALYSIS**

Defendant argues that the petition does not state a claim cognizable under the insurance policy. Plaintiff claims she is entitled to coverage under two separate policy provisions. The Court will address each provision separately.[1]

---

[1] The only document outside the pleadings which the Court considers is the Policy. However, since the Policy was attached to the petition, the Court may consider the Policy without converting the Motion to Motion for Summary Judgment. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

3

Paragraph 11 of the Policy provides coverage when "[y]our title is unmarketable, which allows another person to refuse to perform a contract to purchase, to lease, or to make a mortgage loan."  Plaintiff claims that she is entitled to coverage under this provision because the Notice renders her property unmarketable.

"Property has a merchantable title when it can be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved."[2] *Parker v. Machen*, 567 So. 2d 739, 743 (La. App. Ct. 1990) (citing *Young v. Stevens*, 209 So. 2d 25 (La. 1968)).  It is not necessary that a title be "[f]ree from every technical defect, of all suspicion, or the possibility of litigation" to be merchantable.  *Deleon v. WSIS, Inc.*, 728 So. 2d 1046, 1049 (La. App. Ct. 1999).  Title is unmerchantable "[o]nly when there are outstanding rights in a third person of a substantial nature against the property" that could subject the seller to serious litigation.  *Kay v. Carter*, 150 So. 2d 27, 29 (La. 1963).

While Plaintiff's property may be partially devalued by the Notice, Plaintiff has not plausibly alleged that her *title* is unmerchantable or that her ownership of the property has been affected. Plaintiff's conclusory assertion that reasonable persons in South Louisiana would not purchase or mortgage the property due to its ineligibility for an SBA loan is unavailing.  While the Notice prevents Plaintiff from receiving a loan from the SBA, she makes no allegation that she is prevented

---

[2] Louisiana courts use the term "merchantable" and "marketable" interchangeably.  *See e.g.*, *Oatis v. Delcuze*, 77 So. 2d 28, 31 (1954).

from otherwise mortgaging her property.  In fact, Plaintiff has already obtained one mortgage on her property.  Her failure to obtain a loan from a single lender simply does not render her property unmerchantable as a matter of law because it does not create any doubts regarding the validity of her ownership of the property.  Accordingly, Plaintiff has not stated a claim for coverage under paragraph 11 of the Policy.

Plaintiff also claims that she is entitled to relief under paragraph 18 of the Policy, which provides coverage when "[s]omeone else refuses to perform a contract to purchase, to lease or to make a mortgage loan because of any violations on your land of any restrictions shown in Schedule B which happened before you became the owner of your land."

In order to successfully claim coverage under the paragraph 18 of the Policy, Plaintiff must allege (1) that someone else has refused to perform a contract; (2) the contract was one to purchase, to lease or to make a mortgage loan; (3) the breach of the contract occurred because of a violation of one of the restrictions listed in Schedule B of the Policy; and (4) the violation predates her ownership of the property.

Plaintiff has not alleged any facts which would support coverage under Paragraph 18 of the Policy.  Plaintiff has not alleged that a third party refused to perform a contract.  Rather, she alleges that the SBA refused to enter into a contract because of the Notice.  Additionally, Plaintiff has not alleged that the SBA refused to make the loan because of a violation of one of the restrictions listed

in Schedule B.[3]  Accordingly, Plaintiff has not stated a claim for coverage under paragraph 18 of the

Policy.

Plaintiff has attempted to plead two claims against Defendant.  Neither claim can succeed

as a matter of law.  Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.[4]


## CONCLUSION

For foregoing reasons, Defendant's Motion to Dismiss is GRANTED. This matter is

DISMISSED WITH PREJUDICE.

New Orleans, this 15th day of July, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Schedule B lists several restrictions, but the Notice is not listed.

[4] Courts should ordinarily grant a plaintiff at least one opportunity to amend before dismissing a complaint with prejudice.  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).  However, dismissal with prejudice is appropriate where, as here, the deficiencies in Plaintiff's complaint are incurable.  *Id*.